CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY DEAN WALLACE, ) | |
| ) | Civil Action No. 7:09cv00426 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| LARRY W. JARVIS, ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Respondent. ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Gary Dean Wallace claiming that the Virginia Department of Corrections ("VDOC") is wrongfully denying him 31 days credit against a revoked sentence for time spent in pretrial detention on charges that were nolle prossed. The respondent has moved to dismiss on the grounds that ADEPA's one-year statute of limitations, 28 U.S.C. § 2244(d), bars the claim, that the claim is procedurally barred by an adequate and independent state procedural rule, and that the claim fails on its merits. The court grants the respondent's motion and dismisses Wallace's petition.

I.

Wallace was charged in the Circuit Court of Russell County, Virginia with two counts of distributing a Schedule II controlled substance. That court found him guilty of both counts in 1997, and sentenced him to ten years on each. The court then suspended all ten years on one count and eight years and six months on the other, resulting in an active sentence of one year and six months. After serving that sentence, Wallace was charged in the Circuit Court of Tazewell County with two counts of robbery, two counts of obstruction of justice, one count of distribution

of hydromorphone, and one count of distribution of morphine.[1] The Commonwealth's Attorney of Tazewell County eventually nolle prossed all six charges. Meanwhile the Circuit Court of Russell County revoked all of Wallace's 10 year suspended sentence. Wallace complains that he spent 31 days in the Tazewell County Jail and has a statutory and constitutional right to have the VDOC credit the time he spent in pretrial detention in the Tazewell Jail to the ten-year sentence revoked in Russell County. VDOC maintains that Wallace is not entitled to credit for the time spent in pretrial detention on Tazewell's "unrelated" charges.

Wallace filed a petition for writ of habeas corpus with the Supreme Court of Virginia on May 6, 2009. That court dismissed his petition on June 26, 2009, on the ground that it was untimely under Virginia Code § 8.01-654 (A)(2), which in pertinent part, provides that other than a petition challenging a criminal conviction or sentence, a petition for writ of habeas corpus "shall be brought within one year after the cause of action accrues." Wallace moved for reconsideration on the ground that he had "for years, even as far back as 2005, tried . . . to get the jail credits." The Supreme Court of Virginia denied his motion for reconsideration. Wallace then filed his federal habeas petition on October 19, 2009. His current projected release date is October 25, 2010. He claims it should be 31 days sooner.

## II.

Respondent has moved to dismiss on the grounds that the ADEPA's one-year statute, 28 U.S.C. § 2244(d)(1), bars the claim. According to respondent, Wallace could have discovered the factual predicate of the claim through the exercise of due diligence as early as December 20,

---

[1] Wallace seeks credit for the following periods spent in pretrial detention the Tazewell jail on the nolle prossed Tazewell charges: 5/24/00-6/5/00; 12/4/00-12/14/00; and 3/12/01-3/21/01.

2002, when he was updated concerning application of his jail credits. Wallace responds that "any limitation period should run from 9-12-08." (Federal Habeas Petition, ¶ 4, p. 17.) However, Wallace did not file his habeas petition until October 15, 2009, and his claim is therefore untimely even if the one-year statute limitations runs from September 12, 2008, the date he suggests as the date he could have discovered its factual predicate through the exercise of due diligence. Accordingly, the court dismisses Wallace's petition because it is untimely.

The one-year statute of limitations of 28 U.S.C. § 2244(d)(1) "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment." Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2006). Here, both parties recognize that the limitations period runs pursuant to § 2244(d)(1)(D) from "the date on which the factual predicate of the claim... presented could have been discovered through the exercise of due diligence." Though the one-year statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review" is pending, see 28 U.S.C. § 2244(d)(2), Wallace's untimely state habeas petition will not suffice because it was not properly filed. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute limitations, was not "properly filed," within the meaning of the statutory tolling provisions of the AEDPA). Accordingly, Wallace's petition is untimely.

### III.

The respondent also maintains that the Virginia Supreme Court's dismissal of Wallace's state habeas petition pursuant to Virginia Code § 8.01-654(A)(2) (which requires a petitioner who is not challenging his conviction or sentence to bring his petition within one year after his cause of

action accrues) procedurally bars this court from considering Wallace's claim. The court agrees.

Wallace was required to exhaust the claim he is raising by fairly presenting it to the Supreme Court of Virginia in conformity with the state's procedural rules. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, a habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake. v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002). "Whenever a procedural rule is derived from state statutes . . . the rule is necessarily 'firmly established.'" O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996), aff'd 521 U.S. 151 (1997). Ordinarily, § 8.01-654 (a)(2) is an adequate and independent state procedural rule. See Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). However, "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." See Reid v. True, 349 F.3d 788, 805 (4th Cir. 2003); Green v. Johnson, 2007 WL 951686 (E.D. Va. 2007) (§ 8.01-654(A)(2) not an adequate and independent as applied). There are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee, 534 U.S. at 376.

Virginia Code § 8.01-654 (A)(2) provides that, other than a petition challenging a criminal

conviction or sentence, a petition for writ of habeas corpus "shall be brought within one year after the cause of action accrues."[2] In Virginia, unless otherwise provided, a cause of action accrues when the injury occurs, regardless of when it is discovered, "except where the relief sought is solely equitable." See Va. Code § 8.01-230. Consequently, in the absence of another controlling state statute, when the relief sought is solely equitable, Virginia applies a discovery rule. Therefore, because "habeas corpus is, at its core, an equitable remedy . . . ," see Schlup v. Delo, 513 U.S. 298, 319 (1995), and the controlling provision of the Virginia habeas statute provides for a one-year statute of limitations that runs from the date on which the cause of action accrues, Wallace had one year from discovering that he would not be given credit for 31 days he spent in pretrial confinement on the nolle prossed Tazewell County charges to file a state petition for writ of habeas corpus.

Wallace's submissions to the Supreme Court of Virginia show that Wallace knew for years that he had not received credit toward his Russell County sentence for his pretrial detention in Tazewell County. Indeed, Wallace argued in a motion for reconsideration of that court's dismissal of his habeas corpus petition that he had "for years, even as far back as 2005, tried . . . to get the jail credits." Under the circumstances, this court cannot conclude that this is an exceptional case involving an "exorbitant application of a generally sound rule" rendering the state ground inadequate to stop consideration of the federal question. See Lee, 534 U.S. at 376.

---

[2] In contrast, Virginia Code § 8.01-654 (A)(2) also provides that a petition attacking a criminal conviction or sentence "shall be filed within two years from the date of the final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Ostensibly, a petitioner who challenges the execution of his sentence, is *not* challenging either his conviction or his sentence. Accordingly, he would have one year after the cause of action accrues to file his petition.

5

Wallace suggests that he should be relieved of his procedural default under the "miscarriage of justice" exception to the procedural default rule. The miscarriage of justice exception is quite narrow, and it is not at all clear how it applies when a prisoner is challenging the execution of his sentence. When it is applied to the fact of conviction, rather than to the execution of sentence, the petitioner must demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Murray v. Carrier, 477 U.S. 478, 496 (1986). But however formulated in relation to the execution of Wallace's sentence, Wallace has not made the stringent showing necessary for the application of this exception to the procedural default rule. Accordingly, Wallace's procedural default justifies dismissal of his petition.

## IV.

The respondent also contends that Wallace cannot prevail on the merits because he is not entitled to credit for time spent in pretrial detention on "unrelated" charges.[3] Wallace counters that the charges were not unrelated because Russell County revoked him based on those charges. Therefore, Wallace argues, he is entitled to credit for time spent in pretrial detention in the Tazewell Jail. Wallace's argument, however, misses the mark. Though, "[i]t seems recognized

---

[3] The respondent filed an affidavit from Wendy K. Brown the manager of the Court and Legal Services Section of VDOC, which is "responsible for computing an inmate's time and projecting his discretionary parole eligibility, mandatory parole release date and good time release date." According to Brown, "[b]ecause [the charges that were dismissed] are unrelated to Wallace's current incarceration, he cannot receive jail credit for any time period he may have served in jail on those charges." Additionally, Brown notes that the VDOC has "not received any additional certified jail credits on Wallace's behalf from any jail institution. Without the proper certification from the jail," Brown asserts, VDOC "cannot give inmate Wallace credit for the time period he is seeking in his petition." This additional ground is, of course, no ground at all. Indeed, it is precisely the kind of bureaucratic reasoning that is capable of becoming grist for a constitutional claim. See Summrall v. Simms, 2000 WL 1283077 (4th Cir. 2000).

that the right to credit for jail time awaiting trial on a bailable offense and pending appeal is not a matter of legislative grace but is a right constitutionally mandated," Durkin v. Davis, 538 F.2d 1037, 1039 (4th Cir. 1976), there is no constitutional requirement to credit pretrial detention on separate, dismissed or nolle prossed charges simply because the court revokes a suspended sentence based on the conduct that resulted in those charges. Under those circumstances the question of credit for pretrial detention is necessarily within the province of the legislative branch.

Here, Wallace argues that he is entitled under Virginia law, Virginia Code § 53.1-187, to credit for the time he spent in pretrial detention on the charges that the Commonwealth's Attorney for Tazewell County nolle prossed. That code section, which is titled "[c]redit for time spent in confinement while awaiting trial," provides, in relevant part, that

> any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person . . . in a state or local correctional facility awaiting trial . . . .

A logical, commonsense reading supports the interpretation that this section applies to time spent in pretrial detention on charges that result in conviction. Although some of the underlying conduct supporting the charges in Tazewell County might have supported the revocation of his suspended sentence in Russell County, he was not in the Tazewell County jail awaiting trial based on the violation of the conditions of his suspended sentence. He was awaiting trial on the Tazewell charges that were nolle prossed. Accordingly, he would not have been entitled to credit under § 53.1-187, and his claim fails on its merits.[4]

---

[4] State prisoners' challenges in federal court to the execution of their state sentences are frequently dependent upon close readings of state statutes. In other contexts, as the Supreme Court has noted, "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Consequently,

7

Accordingly, the court dismisses Wallace's petition on this alternative ground.

V.

For the foregoing reasons, the court dismisses Wallace's petition.

**ENTER**: This July 30, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

when a case "turns on a difficult interpretive question" it is often a sound practice to "certify the question to the state supreme court to avoid making unnecessary state law guesses and to offer the state court the opportunity to interpret or change existing law." Shields v. BellSouth Adver.. and Publishing Co., Inc., 228 F.3d 1284, 1290 (11th Cir. 2000). However, this court does not view the question of the application of § 53.1-187 to be so "novel or complex," see Fox v. Custis, 712 F.2d 84, 90 (4th Cir. 1983), as to warrant certification.